IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MORTGAGE RESEARCH CENTER, LLC, d/b/a Veterans United Home Loans,<br><br>    Plaintiff,<br><br>v.<br><br>LIGHTHOUSE CREDIT SOLUTIONS,<br><br>    Defendant. | Case No. 2:15-cv-4004-NKL |

**ORDER**

Plaintiff Mortgage Research Center, LLC, doing business as Veterans United Home Loans, filed this lawsuit against Lighthouse Credit Solutions alleging federal trademark infringement. Before the Court is Veterans United's Motion for Default Judgment [Doc. 16]. For the following reasons, the motion is granted.

**I. Background**

In January 2014, Mortgage Research Center, which does business as Veterans United Home Loans and provides credit repair and improvement services, filed a Complaint [Doc. 1] alleging that Lighthouse Credit was using a trademark confusingly similar to a registered trademark owned by Veterans United. According to the Complaint, Veterans United owns United States Trademark Registration No. 4,561,271 for the mark LIGHTHOUSE, which was issued on July 1, 2014 and first used on July 25, 2000. The mark is still in use. Lighthouse Credit, which also provides credit and financial consultation services, is offering those services

1

under the mark Lighthouse, as shown at Lighthouse Credit's website, http://lhcs.publishpath.com, and it is doing so without permission from Veterans United.

Lighthouse Credit was served on May 14, 2015 [Doc. 9]. When Lighthouse Credit did not respond to the Complaint by June 4, 2015, the date on which it was required to submit an answer or responsive pleading, Veterans United moved for an entry of default pursuant to Federal Rule of Civil Procedure 55(a). The Clerk entered default on June 11, 2015. [Doc. 12]. On July 13, 2015, Veterans United filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) and served its motion on Lighthouse Credit by mailing a copy of the motion via certified mail to the address where Lighthouse Credit had been served. Lighthouse Credit's response was due July 30, 2015. When no response was filed by that date, the Court ordered Lighthouse Credit to show cause by August 19, 2015 why default judgment should not be entered against it. [Doc. 19]. The Show Cause Order was mailed via regular and certified mail to Lighthouse Credit at the address where it had been served. As of the date of this Order, Lighthouse Credit has not responded.

Veterans United requests that the Court (1) enter a default judgment against Lighthouse Credit; (2) enter a permanent injunction against Lighthouse Credit preventing any further acts of trademark infringement and transferring ownership of Lighthouse Credit's URL (http://lhcs.publishpath.com) to Veterans United; and (3) award Veterans United its attorneys' fees and costs.

**II.     Discussion**

Under the Federal Rules of Civil Procedure, a court may grant default judgment under Rule 55(b) subsequent to an entry of default under Rule 55(a). The Clerk entered default against

2

Lighthouse Credit on June 11, 2015. Therefore, the Court may now consider Veterans United's motion for default judgment under Rule 55(b).

Although generally disfavored by law, default judgment is appropriate when a party exhibits "willful violations of court rules [or] contumacious conduct, or [when it causes] intentional delays." *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The Eighth Circuit has not articulated specific factors a court should consider when faced with a motion for default judgment, *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996), so therefore, in these situations, a court must exercise its "sound discretion" to determine whether a default judgment is reasonable, *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (*citing* Fed.R.Civ.P. 55(b)(2)).

The reasonableness of a default judgment is thus a context-specific inquiry. Default judgment is inappropriate in response to "marginal failure[s] to comply with time requirements." *Ackra*, 86 F.3d at 856. However, where a party wholly fails to comply with a court order or participate in a lawsuit, a court in its discretion may find a default judgment proper. *Packers Brand Meats*, 562 F.2d at 10 (holding that the district court did not abuse its discretion when it entered a default judgment after a party failed to respond to a subpoena or show cause to explain its actions). *See also Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997) (default judgment appropriate where defendant received plaintiff's complaint but did not enter an appearance for over seven months); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (default judgment appropriate where defendant "fail[ed] to comply with numerous court orders); *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (default judgment appropriate where defense counsel did not respond to pleadings or discovery

requests for 17 months); *Forsythe v. Hales*, 255 F.3d 487, 491 (8th Cir. 2001) (default judgment appropriate where defendants failed to obtain qualified counsel or participate in discovery).

Here, Lighthouse Credit has failed to respond to Veterans United's suit. Even though it was served on May 14, 2015, Lighthouse Credit has not answered Veterans United's Complaint, has not responded to any of Veterans United's allegations or motions, and has not defended against the Motion for an Entry of Clerk's Default [Doc. 11] or this Motion for Default Judgment [Doc. 16]. Clearly, Lighthouse Credit's conduct cannot be characterized as a marginal failure to comply with time requirements; rather it has shown no inclination to participate in this litigation. Lighthouse Credit thus has exhibited conduct for which a default judgment is warranted.

Accordingly, the question before the Court is whether the Court should grant (1) injunctive relief and (2) attorneys' fees and costs to Veterans United. In considering both questions, the Court will accept Veterans United's well-pleaded facts as true. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) ("[O]nce a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (citations omitted).

**A. Injunctive Relief**

Veterans United first seeks a permanent injunction that enjoins Lighthouse Credit from "any further use . . . of the word or mark "Lighthouse" and/or any designation which is identical or confusingly similar to Veterans United's federally registered and famous LIGHTHOUSE mark." [Doc. 17, p. 5]. In accordance with this injunction, Veterans United asks the Court to "direct [Lighthouse Credit] to deliver up and destroy all products, labels, signs, advertisements and web site content in its possession, custody, or control bearing the LIGHTHOUSE Mark or
4

any confusingly similar word, term, name or symbol, as well as transfer ownership of its confusingly similar URL (http://lhcs.publishpath.com) to [Veterans United]." [Doc. 16, p. 2].

Under the Lanham Act, a court may issue an injunction against unauthorized trademark use "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). The Eighth Circuit has found injunctions to prevent trademark infringement also appropriate in default judgment actions. *See Strange Music, Inc. v. Anderson*, 419 F. App'x 707 (8th Cir. 2011) (affirming grant of permanent injunction on default judgment action for trademark infringement).

Consequently, Veterans United is entitled an injunction if its well-pleaded facts, taken as true, demonstrate that "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In maintaining it has suffered irreparable injury, Veterans United must "show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction." *Oglala Sioux Tribe v. C & W Enters., Inc.*, 542 F.3d 224, 229 (8th Cir. 2008).

1. **Success on the Merits**

The Lanham Act imposes civil liability on "any person who . . . without the consent of the registrant ... use[s] in commerce any reproduction . . . or colorable imitation of a registered mark." *Sensient Technologies Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 760 (8th Cir. 2010) (*quoting* 15 U.S.C. § 1114(1)(a)). Because the Clerk has entered default against Lighthouse Credit [Doc. 12], the facts alleged in Veterans United's Complaint are "deemed to be

5

true" and thus Veterans United has demonstrated success on the merits of its Lanham Act claim. *Strange Music*, 419 F. App'x at 707.

## 2. Irreparable Injury and No Remedies Available at Law

In trademark law, upon a showing of infringement, a court will generally conclude that the plaintiff has no remedy at law and stands to suffer irreparable harm unless an injunction against the defendant is issued. *See U.S. Jaycees v. Cedar Rapids Jaycees*, 794 F.2d 379, 382 (8th Cir. 1986) ("It is generally said that once infringement of a trademark is shown, the owner of the mark is entitled to injunctive relief."); *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1178–79 (8th Cir. 1998) ("[I]n [Lanham Act] cases that ultimately prove to have merit, injunctive relief is not to be issued reluctantly."). Specifically, because a trademark holder "certainly has the right to control the use of its [trademarked] materials . . . irreparable harm inescapably flows from the denial of that right." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005).

This case is no different. Lighthouse Credit's use of the LIGHTHOUSE Mark has deprived Veterans United the ability to control its registered trademark. In fact, by continuing to infringe on the trademark despite receiving notice of this litigation, Lighthouse Credit has presented a strong threat of future infringement, as well. A finding of irreparable injury is particularly appropriate in such situation. *See Cass Cnty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 638 (8th Cir. 1996) (finding ongoing infringement in the face of repeated notice a sign of willful ignorance justifying injunction and damages).

## 3. Balancing of Hardships and Public Interest

Finally, the balancing of hardships in a trademark dispute favors a plaintiff's trademark protection over a defendant's First Amendment rights where failure to protect the trademark

6

"would amount to an unwarranted infringement of property rights" that "diminish[es] [those] rights without significantly enhancing the asserted right of free speech." *Mut. of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 402 (8th Cir. 1987) (*quoting Lloyd Corp., Ltd. v. Tanner,* 407 U.S. 551, 567 (1972)). The public similarly has an interest in protecting property rights and avoiding consumer confusion. *Monsanto Co. v. Hill*, 2005 WL 4864419, at *5 (E.D. Mo. Mar. 28, 2005) (noting "[t]he public's interest in protecting [] property rights" in a trademark case); *Anheuser–Busch*, 28 F.3d at 776 (noting the "public interest in avoiding consumer confusion" in a trademark case).

Here, an injunction will not deprive Lighthouse Credit the ability to offer or market its product; it will merely compel Lighthouse Credit to advertise that product by other means. In doing so, the injunction will protect Veterans United's property rights while avoiding the likely confusion that would result from two businesses using the same mark to promote similar services. If the Court were not to grant an injunction, conversely, Veterans United would suffer hardship from the loss of its exclusive use of the LIGHTHOUSE mark, which it has used to cultivate goodwill for 15 years.

Veterans United is accordingly entitled to injunctive relief.

### B. Attorneys' Fees and Costs

Veterans United further asks the Court to "award [the] attorneys' fees and costs . . . it has incurred in litigating these claims . . . in the amount of $7,414.00 (attorneys' fees) and $652.45 (costs)." [Doc. 16, pp. 2-3].

The Lanham Act provides for an award of costs to the prevailing party, and it gives courts discretion to grant reasonable attorney fees in "exceptional cases." 15 U.S.C. § 1117(a). An exceptional case is one "in which one party's behavior went beyond the pale of acceptable

7

conduct." *Aromatique*, 28 F.3d at 877 (citing *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 123 (8th Cir. 1987). Although a district court need not make a finding of bad faith when assessing the party's conduct, it should determine that "the infringement was malicious, fraudulent, willful, or deliberate." *Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011) (*quoting Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004)).

In *Community of Christ*, the defendant continued to use the plaintiff's trademarks after knowing it was infringing on the marks and after then receiving—and ignoring—a cease and desist letter to this effect. The Eighth Circuit affirmed an award of attorneys' fees under the Lanham Act. It held that "the district court did not abuse its discretion in determining that [the defendant] had willfully and deliberately used the [plaintiff's] marks and that it was justified in finding the case to be exceptional." *Id*. at 1013. Here, as discussed above, Lighthouse Credit has continued using Veterans United's trademark even after receiving and ignoring notice of this suit.

Therefore the Court may grant Veterans United's request for reasonable costs and attorneys' fees, and it may do so as part of a default judgment. *See Kansas City Bricklayers Emp. Pension Fund v. Kelly Waterproofing, Inc.*, 646 F.2d 338, 339 (8th Cir. 1981) (affirming a default judgment award of attorneys' fees).

In support of its request, counsel for Veterans United has submitted itemized documentation of its costs and fees. [Docs. 18, 18-1, 18-5]. These documents state that the counsel of record for this case, R. Cameron Garrison, billed 3.60 hours at an average hourly rate of $395.00; that an associate, Luke Meriwether, billed 14.30 hours at an average hourly rate of $290.00; that a paralegal, Terry Mueller, billed 8.20 hours at an average hourly rate of $225.00;

and that the firm incurred costs of $652.45, in large part the result of the extensive efforts taken to locate Lighthouse Credit and serve the Summons and Complaint. [Doc. 18, pp. 2-4].

The Court finds that the hours expended on this litigation and the hourly rates provided by Veterans United's counsel are both reasonable. As such, under a lodestar analysis, Veterans United's request for attorneys' fees in the amount of $7,414.00 is reasonable as well. *See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.") (*quoting Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002)).

Pursuant to 15 U.S.C. § 1117(a), the Court also grants Veterans United its reasonable costs in the amount of $652.45.

**III. Conclusion**

For the forgoing reasons, default judgment is entered against Lighthouse Credit as follows:

1. Lighthouse Credit is permanently enjoined from using the LIGHTHOUSE Mark and any mark or name that is confusingly similar to the LIGHTHOUSE Mark.
2. Lighthouse Credit is ordered to destroy all products, labels, signs, advertisements and web site content in its possession, custody, or control bearing the LIGHTHOUSE Mark or any confusingly similar word or symbol, as well as immediately transfer ownership of its confusingly similar URL (http://lhcs.publishpath.com) to Veterans United.

3. Veterans United is awarded attorneys' fees in the amount of $7,414.00 and costs in the amount of $652.45.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 21, 2015  
Jefferson City, Missouri